Steve Benham
sbenham@katu.com
2153 N.E. Sandy Blvd.
Portland, OR 97232
503-231-4294

Plaintiff, Self-Represented Party

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEVE BENHAM
KATU Digital Content Producer

          Plaintiff,

v.

U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave. NW
Washington, D.C. 20230


NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION
1401 Constitution Ave. NW, Room 5128
Washington, D.C. 20230

          Defendants.

Case No.: 3:26-CV-00697-AN

COMPLAINT

**COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF**

1. This action is filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as

amended. It is alleged that the U.S. Department of Commerce and the National Oceanic and

Complaint

Atmospheric Administration, or NOAA, (collectively, the Defendants) have failed to fulfill the FOIA request of the Plaintiff (a member of the news media) -- as required by law -- for documents related to the termination and reinstatement of NOAA probationary employees in the year 2025.

2.  The facts in this case show the Defendants failed to follow the law by not issuing a determination whether they would comply with the Plaintiff's FOIA request within the time required by law.

3.  The Plaintiff seeks declaratory relief that the Defendants are in violation of the FOIA for failing to issue a determination of records to the Plaintiff and failing to fulfill his request for documents, and injunctive relief that the Defendants fully comply with the Plaintiff's request under FOIA.

## JURISDICTION AND VENUE

4.  This Court is the proper jurisdiction for this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.  Plaintiff resides in this district at the time of filing of this complaint; therefore, venue is proper pursuant to 28 U.S.C. § 1391(e).

6.  This action is filed in the United States District Court for the District of Oregon, Portland Division.

## PARTIES

7.  As defined in 5 U.S.C. § 552(a)(4)(A)(ii)–(iii), the Plaintiff is a member of the news media and works at KATU Television as a digital content producer in Portland, Oregon. Plaintiff uses his editorial skills to produce and distribute distinct and timely news and information to the public about the activities of the government.

Complaint - 2

8. In addition to the over-the-air broadcast channel, Plaintiff can disseminate news to the public through the television station's website, KATU.com, and its social media channels. Plaintiff primarily disseminates news and information through the station's website and social media channels.

9. Defendants in this action are the U.S. Department of Commerce and its component agency, the National Oceanic and Atmospheric Administration (NOAA). NOAA provides weather forecasts and scientific research to the public, specifically in Oregon.

10. NOAA employs people in the state of Oregon, specifically at several National Weather Service offices in the state and in the coastal town of Newport, where there are NOAA research facilities as well as the NOAA Marine Operations Center that maintains at least two research vessels owned by NOAA.

11. The U.S. Department of Commerce's component, NOAA, is the holder of the requested records.

## STATUTORY FRAMEWORK
### The Freedom of Information Act

12. Under FOIA, 5 U.S.C. § 552, federal agencies are required to release requested records unless one or more of the nine exemptions apply.

13. As set out in FOIA, an agency is required to make a determination whether it will comply with a request for documents within 20 working days, 5 U.S.C. § 552(a)(6)(A)(i). FOIA also requires that an agency inform the requester of his right to appeal the agency's determination.

14. There may be "unusual circumstances" where an agency needs more time to fulfill a records request, specifically make a determination, and set "forth the unusual circumstances for extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

15. The requester of documents is said to have exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

16. The Court can "enjoin the agency from withholding agency records and order the production of any agency records improperly withheld from the complainant." 5 U.S.C § 552(a)(4)(B).

## FACTS

17. A year ago, on April 8, 2025, the Plaintiff electronically filed a Freedom of Information Act (FOIA) request to the U.S. Department of Commerce and its component agency, the National Oceanic and Atmospheric Administration (collectively, the Defendants), through the Commerce Department's FOIA portal.

18. The FOIA request asked for: a) "The list of probationary employees the Department of Commerce/NOAA was required to send to the U.S. Office of Personnel Management as required in a memo from OPM Acting Director Charles Ezell titled "Guidance on Probationary Periods" sent on or around January 20, 2025 to all Executive Branch agencies"; b) "A list of NOAA employees and their positions who were terminated and then reinstated by court order between January 20, 2025 and March 25, 2025."

19. Upon electronically submitting his FOIA request, the Plaintiff almost immediately received, via email, what appeared to be an automated response from the U.S. Department of Commerce, acknowledging it had received his request and assigning it a case number.

20. Under FOIA, the Defendants were required to issue a determination within 20 working days whether it would comply with the Plaintiff's FOIA request.

21. The Defendants did not issue such a determination within the required time.

22. If more time was needed to make such a determination, the Defendants were required to cite "unusual circumstances" for the delay and give the Plaintiff written notice describing the "unusual circumstances" and when a determination was expected.

23. The Defendants did not send the Plaintiff any notice of "unusual circumstances."

24. The Defendants emailed the Plaintiff on July 11, 2025, more than three months after he made his FOIA request, asking the Plaintiff if he was still interested in the documents. The Plaintiff responded that same day that he was still interested in the documents.

25. Nothing in the July 11 communication to the Plaintiff indicated the Defendants had made an official determination whether they would comply with Plaintiff's FOIA request.

26. Over the next several months, the Plaintiff and the Defendants exchanged emails. The Defendants gave the Plaintiff possible dates of issuing an "interim response" and "interim release" and indicated that his request was being processed, but they said there were delays related to OHCS staffing changes, the government shutdown of October and November and an "added layer of General Counsel review."

27. As of the date of this complaint, the Plaintiff has not received any documents in whole or in part from the Defendants as requested on April 8, 2025, now a year since he requested them.

28. The Defendants harmed Plaintiff because they failed to make a timely formal determination to his FOIA request. This failure and their improper withholding of agency records did not allow the Plaintiff to fulfill the duties of his profession, which is to inform the public of timely news and information about government activities.

## PLAINTIFF'S CLAIMS FOR RELIEF
### CLAIM ONE
**Defendants improperly withheld agency records requested under FOIA**

29. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

Complaint - 5

30. Plaintiff, through his April 8, 2025, FOIA request, properly asked for records within the Defendants' control.

31. It is alleged the Defendants are in violation of the law since no official determination whether the Defendants will comply with his FOIA request has been sent to the Plaintiff, now a year since he made his request. As stated in FOIA, each agency shall "determine within 20 days … after receipt of any such request whether to comply with such request and shall immediately notify the person making such a request of such determination and the reasons therefor" 5 U.S.C. § 552(a)(6)(A)(i).

32. As defined in 5 U.S.C. § 552(a)(6)(B), the Defendants never claimed "unusual circumstances" for the delay in making a determination on whether they were going to comply with the Plaintiff's FOIA request.

33. The Defendants have not released any records in whole or in part to the Plaintiff since he requested them on April 8, 2025, a year after the date of this complaint and, therefore, have violated FOIA. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

34. Plaintiff has exhausted his administrative remedies to the Defendants' wrongful withholding of the records the Plaintiff requested on April 8, 2025. U.S.C. § 552(a)(6)(C)(i).

35. Thus, the Plaintiff is entitled to injunctive and declaratory relief to his request of April 8, 2025, and the release of the records.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

(1) Declare that the U.S. Department of Commerce and its component, the National Oceanic and Atmospheric Administration (Defendants), violated the Freedom of Information Act by

failing to issue a formal determination whether it would comply with his FOIA request within the time required by law.

(2) Declare that the U.S. Department of Commerce and its component, the National Oceanic and Atmospheric Administration (Defendants), violated the Freedom of Information Act by failing to lawfully fill Plaintiff's April 8, 2025, FOIA request;

(3) Order the U.S. Department of Commerce and its component, the National Oceanic and Atmospheric Administration (Defendants), to release all records responsive to Plaintiff's April 8, 2025, FOIA request at no cost to Plaintiff;

(4) Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA request and that no agency records are wrongfully withheld;

(5) Award Plaintiff his reasonable attorney fees and litigation costs in this complaint, pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Steve Benham
STEVE BENHAM
KATU DIGITAL CONTENT PRODUCER
2153 N.E. Sandy Blvd.
Portland, OR 97232
Phone: (503) 231-4294
Email: sbenham@katu.com

Dated: April 8, 2026.                                Plaintiff, self-represented

Complaint - 7

JS 44 Reverse (Rev. 03/24)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.