Steve Benham
sbenham@katu.com
2153 N.E. Sandy Blvd.
Portland, OR 97232
503-231-4294

Plaintiff, Self-Represented Party

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEVE BENHAM<br>KATU Digital Content Producer | Case No. 3:26-cv-00697-AN |
| Plaintiff, | |
| v. | RESPONSE TO DEFENDANTS' MOTION<br>TO DISMISS |
| U.S. DEPARTMENT OF COMMERCE, *et al*. | |
| Defendants. | |

**INTRODUCTION**

The Defendants in this action have moved to have the Plaintiff's Freedom of Information Act ("FOIA") case dismissed under Rule 12(b)(1) because they argue he lacks standing to sue under Article III of the Constitution. The Plaintiff opposes their motion.

The Defendants assert the Plaintiff was not the requester of the documents and, therefore, lacks standing to sue.

In response to the government's Motion to Dismiss, the Plaintiff, pro se, in this case will demonstrate he was the requester of the documents under the FOIA on April 8, 2025, and he

1 – Plaintiff's Response to Motion to Dismiss

requested them on his own behalf and not on behalf of the media organization he works for, which is KATU.

Under the FOIA, only the requester can sue to compel the production of records. The issue is whether the Plaintiff was the requester. Because the evidence shows the Plaintiff submitted and maintained control of the request in his own name, he can then sue under 5 U.S.C. § 552(a)(4)(B).

Therefore, the Plaintiff will ask the Court to deny the Defendants' Motion to Dismiss and allow his case to proceed on the merits.

## BACKGROUND

On April 8, 2025, the Plaintiff, Steve Benham, using his title of Digital Content Producer to accurately identify himself as a journalist, electronically filed a Freedom of Information Act request to the U.S. Department of Commerce and its component agency, the National Oceanic and Atmospheric Administration ("NOAA") for documents relating to the termination of federal probationary employees.

The Defendants electronically responded to the Plaintiff, assigning his request the tracking number, DOC-NOAA-2025-000942.

For an entire year, the Defendants never issue a determination, as required by law, whether it would comply with the Plaintiff's request for documents.

For months, the Plaintiff himself, Steve Benham, not his organization or anyone in his organization, communicated with NOAA's FOIA office via email to find out when the documents would be released to him and then later to express his frustration to NOAA because the agency had not released any documents to him and it was unclear if it ever would.

The Plaintiff himself, not his organization or anyone in his organization, filed an administrative appeal with NOAA on Monday, February 23, 2026, detailing the situation in full and the communications between he and NOAA up until that point.

NOAA never responded to the Plaintiff's administrative appeal as required by law.

After giving NOAA every opportunity to comply with his FOIA request, and after a year of waiting for NOAA to comply with his FOIA request, and NOAA never complying with his FOIA request, the Plaintiff filed suit in this Court on April 8, 2026, seeking declaratory and injunctive relief.

Only after the Plaintiff filed suit did the Defendants partially fill his FOIA request on June 25, 2026, calling the release "Interim Release 1." This was "Item 2" on the Plaintiff's FOIA request. "Item 1" was the more substantial request, and in the eyes of the Plaintiff, the more important set of documents. The Defendants have not yet released those documents to the Plaintiff.

**LEGAL STANDARD**

The Plaintiff, as the requester, asked for documents under FOIA and the Defendants failed to follow the law and release the documents he requested.

The Plaintiff understands that he has the burden to prove he was the requester of the documents. He will prove he was the requester of the documents and did so on his own behalf and not on behalf of the media organization he works for.

Under Rule 12(b)(1), the Court may consider outside evidence. The Defendants have submitted several exhibits, including the Plaintiff's FOIA request and his administrative appeal in support of their motion. The Plaintiff contends that these exhibits actually support that he is the requester of the documents under FOIA and not his organization.

In one case, *A Better Way for BPA v. United States Dep't of Energy Bonneville Power Admin.* (9th Cir. 2018), the question posed is who submitted the request.

**ARGUMENT**
**Plaintiff, as an individual, was the requester of the documents**

In their motion, Defendants cite *Baker v. United States Food and Drug Administration* (E.D. Cal 2025) and *A Better Way for BPA v. United States Dep't of Energy Bonneville Power Admin.* (9th Cir. 2018) in support of their motion.

In *A Better Way*, the Ninth Circuit wrote that the case "boils down to a simple question: Who was the requester?"

The Plaintiff, as an individual, will show that he is the requester in his case, and he will show that he can use both *Baker* and *A Better Way* to support his claim of standing to sue the Defendants. He will also show the Defendants have not properly applied these two cases to the Plaintiff's. Furthermore, the Plaintiff will show that his FOIA request does not contradict the two cases and, in fact, can live in harmony with both.

In Defendants' Motion to Dismiss, they state that the *Baker* case has a "very similar fact pattern" to the Plaintiff's. This is not entirely correct.

The plaintiff in *Baker* was the president of Soft Lights Foundation, a nonprofit. The Court in that case found that the plaintiff in *Baker* lacked standing because his FOIA requests were filed on behalf of the nonprofit and not the individual. But he sued under the FOIA as an individual.

The Court in the *Baker* case referenced reproductions of the plaintiff's two FOIA requests that the Defendant attached to its Motion to Dismiss and noted the language the requester used when filing his FOIA requests. The Court noted that in one request the plaintiff twice used

language, "'*We* therefore request. …'" In another request the plaintiff wrote "'*[o]ur* petition to the FOIA.'" (emphases and bracket the Court's)

Nowhere in his FOIA request, or in any other communication related to his FOIA request, did the Plaintiff in the present case use language such as "We therefore request" or anything related to "On behalf of KATU" or anyone else or any other entity. Additionally, the Defendants have not provided any evidence that he did.

In fact, the Plaintiff used the personal pronoun "I" throughout his original FOIA request. Repeatedly using the pronoun "I" is evidence that the Plaintiff was the requester of the documents and not his organization. Since it is of crucial importance to the Plaintiff's claim for standing, he will list them here. (The Court can see the Plaintiff's original FOIA request via the Defendants' Exhibit A that they attached to their Motion for Dismissal. The Plaintiff confirms it to be his FOIA request.)

Here are the instances of where the Plaintiff used personal pronouns in his FOIA request. (Emphasis has been added in all instances.)

a) "Under the Freedom of Information Act, *I* request all documents. …"

b) "Please send *me* a list of NOAA employees and their positions. …"

c) "As *I* am a member of the media, the information *I* request can be disseminated in the public interest to the public."

d) "If any or all of this request is denied, please state the specific FOIA statutes under which you are denying *my* request."

e) "The information *I* request is timely and is in the public interest, and as *I* am a member of the media *I* have deadlines, and *I am* responsible for the timely dissemination of information to the public. …"

f) "Thank you for your consideration of *my* request."

Again, the language the Plaintiff used in his FOIA request differed than in *Baker,* where the plaintiff in that case, as the Court noted, wrote "we," indicating the organization was the requester of the documents.

The Plaintiff in the present case asserts the language he used pointed to him as the requester -- as an individual -- of the documents and not his organization.

On this basis, the Defendants' Motion for Dismissal should be denied.

**Plaintiff Did Not Request Documents Under FOIA As An Organization**

In *A Better Way for BPA v. United States Department of Energy Bonneville Power Administration* (9th Cir. 2018), an organization sought to prove that it was the requester of the documents. It is opposite of what the Plaintiff is trying to do in his own case. The Ninth Circuit sided with A Better Way by finding that it had standing to sue. But in the present case, the Plaintiff can show that he did not request documents as an organization or on behalf of any organization even under the legal standards set in *A Better Way*. And under the Court's reasoning, *A Better Way* supports the Plaintiff because when viewing the request as a whole and considering the follow-on communications, the Plaintiff -- not KATU -- was the requester.

In *A Better Way*, the Ninth Circuit considered:

a) The "organization" field was filled out with the name of the organization;

b) The FOIA form as a whole;

c) The follow-on correspondence between the organization and the federal agency; and

d) Common sense

The Plaintiff does not deny that he is a Digital Content Producer for KATU. But he used his professional title when requesting documents because it identifies him a journalist eligible for a few waiver.

The Defendants' sole focus on the fact that the Plaintiff filled out the name of the organization that he works for and its physical address, his work email address, his title, etc., as a single basis for determining legal standing feels to the Plaintiff that the Defendants' reasoning is too narrow and does not fully capture the Plaintiff's FOIA form or his request in its entirety. Indeed, the Ninth Circuit in *A Better Way* viewed the FOIA "form as a whole."

Additionally, the Plaintiff's use of work email, title, work's physical address, etc. does not mean he transferred control of his request to KATU. Journalists often identify their employers. The question is not where the Plaintiff works but who submitted the request and controlled it.

In the present case, when viewing the Plaintiff's FOIA form as a whole, and using *A Better Way's* framework, he is the requester of the documents and not his organization.

The Ninth Circuit in *A Better Way* also considered factors beyond the FOIA form, such as follow-on correspondence.

The Ninth Circuit, of course, found that filling out the organization's name in the organization field was an "unambiguous reference" to A Better Way for BPA (notably, this was only a reference), but the Court said to the "extent ambiguity exists" … "the follow-on correspondence" between the agency and the requester pointed to A Better Way as the requester.

Under the same legal standard set out by the Ninth Circuit, the "confirming correspondence, and common sense" make it clear that the Plaintiff in the present case was the requester and not his organization.

As described in the Ninth Circuit's ruling, the person in *A Better Way* who originally filled out the form, upon receiving a communication from the federal agency's FOIA Public Liaison, apparently then contacted A Better Way's legal counsel, *who did* represent the organization and, as the Ninth Circuit noted, "The agency continued to communicate with A Better Way's counsel."

The Plaintiff in the present case did no such thing, such as contacting his organization's legal counsel and passing off any further communication with the Defendants about his FOIA request to his organization's legal counsel. His organization's legal counsel, as far as he knows, has never communicated with the Defendants about his FOIA request.

Finally, the Ninth Circuit in *A Better Way* used common sense to determine who was the requester of the documents.

Looked at under the Ninth Circuit's framework, considering both the entire FOIA form and all the facts, and the follow-on communication between the Plaintiff and NOAA, it is common sense that the requester in the present case was Benham, the Plaintiff himself, and not his organization. Under his own initiative he requested the documents and maintained control of his FOIA request, even to this day, when he filed this action as an individual, pro se. The Plaintiff submitted the request, he signed it, he and only he corresponded with NOAA, he and only he filed an administrative appeal, and he sued, never transferring control of his request to anyone else. Therefore, common sense points to the Plaintiff as the requester of the documents.

Additionally, in neither *Baker* nor *A Better Way* did the courts rule as a forgone conclusion that the organizations were the requesters of their respective documents. The courts considered each case on its own merit and on the strength of the arguments before them.

**Plaintiff's Administrative Appeal**

In their Motion to Dismiss, the Defendants referenced and submitted as an exhibit (D) the Plaintiff's February 23, 2026, administrative appeal that he filed with NOAA as outlined by administrative rule [15 CFR 4.6(b), 4.6(d1), 4.10(a1) and 4.10(b1)]. The Plaintiff confirms it is his appeal. He alone, not his organization or anyone in his organization, wrote and filed the appeal. The agency has never responded to his appeal of February 23, 2026, as required by administrative rule [15 CFR 4.10(e)] and the FOIA statute 5 U.S.C. § 552(a)(6)(A)(ii).

The Plaintiff's nine-page administrative appeal details up to that point his monthslong effort to get the documents he requested released to him. He referenced several emails between he and the Defendants' NOAA FOIA team. The Plaintiff also detailed, citing the FOIA and more importantly for an administrative appeal, administrative rules, where the Plaintiff believed the agency had violated the law and its own administrative rules.

As for evidence for standing to sue, the Plaintiff respectfully requests this Court to review his administrative appeal. The Plaintiff's appeal shows that the Plaintiff himself as the controller of his FOIA request (both as the requester on the FOIA form and all communication thereafter) and not his organization. The Plaintiff's appeal and correspondence with NOAA shows that NOAA communicated only with the Plaintiff, not anyone in his organization.

Also, the Plaintiff in his signatures of both his appeal cover letter and at the end of his appeal, referred to himself as "the requester." And in the introduction of his appeal, he writes, "On April 8, 2025, the requester (Steve Benham) filed a Freedom of Information Act (FOIA) request. …" The Plaintiff's name "Steve Benham" is printed in parentheses in the original appeal as is quoted here. These instances make it clear that Steve Benham, the Plaintiff, is the requester of the documents, and not his organization.

**NOAA consistently treated the Plaintiff as the requester of the documents in its communication with him**

Here are the relevant highlights as they appear in the Plaintiff's administrative appeal that are evidence that he was the controller and requester of the documents under FOIA.

1) The first time the requester heard from The Department on the release of the requested documents was on July 11, 2025, a full three months after the initial request. This communication from the NOAA FOIA Office, however, was not a determination letter on whether it would fulfill the request for documents but to ask the requester if he was still interested in the documents. Requester responded on the same day that he was.

2) It was another two months before requester heard back from The Department -- Sept. 17, 2025 -- from Lola Stith, a contractor with Team Savvee Inc. The Department acknowledged a delay, apologized and then said it expected to have an "interim response" to the requester "within the next couple of weeks."

3) On Jan. 5, 2026, requester emailed Stith, asking for an update, acknowledging the government shutdown in October and November may have further delayed processing. On Jan. 7, Stith responded, saying the government shutdown did play a role but also said "the OHCS line office has experienced several staffing changes over the past year, which has further impacted FOIA processing timelines." And "there is also now an added layer of General Counsel review required prior to release of FOIA responses, which has extended the clearance process." 5b) Stith then stated that The Department expected to have an "interim release" to requester by Jan. 30.

4) That deadline passed as well.

5) On Feb. 10, 2026, the requester sent a message through the Department of Commerce's FOIA page (where the requester originally submitted the request) asking for a status update. The requester received no response.

6) On Feb. 16, requester sent Stith another email, stating that he had not yet received any "interim release." Requester then asked to have the requested documents sent to him. Not long after, on the same day, Stith responded to that email, thanking requester for alerting her to the situation and saying she would "research the status" and get back to requester "as soon as possible."

7) As of this date of appeal, the requester is still awaiting her response.

Therefore, the Plaintiff's administrative appeal shows that the follow-on correspondence after his FOIA request was submitted was between he and NOAA, not between his organization, anyone in his organization or his organization's legal counsel. And since his appeal clearly links his name to "requester" there is no doubt that the requester is the individual named Steve Benham, and not the organization he works for.

Considering the preceding discussion in this response to the Defendants' Motion to Dismiss and the legal standards set forth in *Baker* and in *A Better Way* -- chiefly asking and answering who was requester -- the Plaintiff, Steve Benham, is the requester of the documents.

**CONCLUSION**

The Plaintiff has clearly demonstrated that he had and still does have standing to sue the Defendants in this case and that this Court has subject-matter jurisdiction over his case because there is a "case and controversy" between he and the Defendants.

The Plaintiff filled out the U.S. Department of Commerce/NOAA's FOIA form on behalf of himself and as the requester, not on behalf of KATU. This is even more true when "viewing

the form as a whole" as the Ninth Circuit did in *A Better Way* and taking into account that the Plaintiff used the personal pronoun "I," unlike the plaintiff in *Baker*.

The Plaintiff retains control of his FOIA request to this day and has never relinquished it to anyone, even his organization's legal counsel. Even if the Plaintiff intended to use the records professionally, he remained the requester of them.

And he and he alone communicated with the Defendants (specifically NOAA) during follow-on correspondence.

Therefore, the Plaintiff respectfully asks this Court to deny the Defendants' Motion to Dismiss, find the Plaintiff has standing to sue in his case and allow his case to proceed on the merits.

Additionally, if any standing defect can be cured, the Plaintiff asks this Court to grant him a Leave to Amend.

Respectfully submitted,

/s/ Steve Benham
STEVE BENHAM
KATU DIGITAL CONTENT PRODUCER
2153 N.E. Sandy Blvd.
Portland, OR 97232
Phone: (503) 231-4294
Email: sbenham@katu.com

Dated: July 7, 2026.          Plaintiff, self-represented