**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**CAMERON PERLA, OSB #241820**
Assistant United States Attorney
Cameron.Perla@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Telephone: (503) 727-1000
        *Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **STEVE BENHAM,** an individual | **Case No. 3:26-cv-00697-AN** |
| Plaintiff, | |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |
| **UNITED STATES DEPARTMENT OF COMMERCE,** *et al.* | |
| Defendants. | |

Defendants, through counsel, file this reply in support of their Motion to Dismiss, ECF No. 15. For the following reasons, the Court should reject the arguments advanced in Plaintiff's Response, ECF No. 17, and grant Defendants' motion.

Page 1        Defendants' Reply in Support of its Motion to Dismiss

## ARGUMENT

## The Underlying FOIA Request Demonstrates that Plaintiff Is Not the Original FOIA Requester and Therefore Lacks Standing to Litigate This Matter.

Both parties agree that *A Better Way for BPA* is instructive for determining whether the underlying FOIA request was sent on behalf of Plaintiff as an individual or KATU TV, an Oregon news station. *A Better Way for BPA v. United States Dep't of Energy Bonneville Power Admin.*, 890 F.3d 1183 (9th Cir. 2018). Crucially, the Ninth Circuit in that case noted that the petitioner "could have submitted her online form by listing her own name and address and omitting any 'Organization'" and "[b]ecause she did not do so, there could hardly be any doubt that [petitioner] was filing the request on behalf of A Better Way." *Id. at* 1186. Just as in *Better Way*, in the underlying FOIA request, Mr. Benham listed the KATU address in full, included the caption "KATU TV" under his title, and used his work email "@katu.com."

In his response, Plaintiff incorrectly asserts that "he and only he" corresponded with the National Oceanic and Atmospheric Administration (NOAA) about the request and filed an administrative appeal. Plaintiff's Response to Defendants' Motion to Dismiss, Dkt 17 at 8. However, in Plaintiff's correspondence with NOAA about the request, he used his @katu.com email address rather than a personal account. Decl. ¶ 7, Ex. B. And, when Plaintiff submitted an administrative appeal to the Department, he carbon copied several high-ranking members of

**Page 2      Defendants' Reply in Support of its Motion to Dismiss**

KATU, including the News Director, and again identified himself using his KATU title. Decl. ¶13, Ex. D at 1. These references to his association with KATU demonstrate that Mr. Benham was not filing the request on behalf of himself as an individual but rather was filing the request on behalf of his employer, a media organization.

Further, Mr. Benham did not seek the information for personal purposes. Based on the selections and information Mr. Benham provided in the FOIA request, as a member of the news media, he plans to use the requested information as part of a future article or report to be broadcast by KATU. *See* Decl. ¶ 6, Ex. A. When submitting the underlying FOIA request, Plaintiff sought a fee waiver and expedited processing on the basis that the requester was a member of the media. Decl ¶¶ 9-10, Ex. A at 2. Specifically, Mr. Benham stated in the request that as "a member of the media, [he] ha[s] deadlines" and is "responsible for the timely dissemination of information to the public. . . ." Decl. ¶ 9, Ex. A at 2. Mr. Benham could only make this statement in his capacity as an employee of KATU. Based on the information submitted in the FOIA request, NOAA treated KATU as the requester in considering and ultimately granting the fee waiver. Decl. ¶ 10, Ex. C. NOAA's processing of the FOIA request, particularly the fee waiver, affirms that NOAA treated the news media organization as the requester. *See Baker v. United States Food and Drug Admin.*, 2025 WL 2402418, at *2 (E.D. Cal. 2025) ("'To the extent ambiguity exists' as to which was the requester, 'the follow-on correspondence between [the federal agency] and the requester affirms that [the

**Page 3       Defendants' Reply in Support of its Motion to Dismiss**

nonprofit] was the requester and [the agency] treated [it] as the requester'" (quoting *A Better Way*, 890 F.3d 1183 at 1187.).   NOAA granted the fee waiver based on the requester's status as a representative of the news media and the four factors set forth in 15 C.F.R. § 4.11(l)(2). Decl. ¶ 10, Ex. C.[1] Any assertion Mr. Benham now makes to have submitted the request only as an individual who *happens* to work for KATU TV is disingenuous—particularly after seeking the very benefits the Department offers to news media requesters based upon his role at KATU. These facts demonstrate this was not a personal request but one made on behalf of KATU.

Additionally Plaintiff places significant weight on his use of pronouns during the FOIA process as demonstrating that he made the request in an individual capacity. Dkt 17 at 5. However, this is at odds with both the requested information and the method by which the information was requested. Here, caselaw is once again instructive. *Baker*, as outlined in Defendants' original motion, involves a very similar fact pattern. *Baker*, 2025 WL 2402418 (E.D. Cal. 2025). While *Baker* involved the owner of a corporation and this matter involves Mr. Benham as an employee journalist, the underlying function is the same. Filing on behalf of a corporation is only allowed by licensed counsel. *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Mr. Benham, like *Baker*, seeks to use the requested

---

[1] *See also* 15 C.F.R. § 4.11(b)(6), defining "[r]epresentative of the news media, or news media requester" for fee waiver purposes: "Examples of news-media entities are television or radio stations broadcasting to the public at-large and publishers of periodicals that disseminate 'news' and make their products available through a variety of means to the general public including news organizations that disseminate solely on the internet. To be in this category, a requester must not be seeking the requested records for a commercial use. A request for records that supports the news-dissemination function of the requester shall not be considered to be for a commercial use. . . ."

**Page 4        Defendants' Reply in Support of its Motion to Dismiss**

information in his professional capacity as a journalist employed by KATU, and now seeks to act on his employer's behalf in this litigation in contravention of *Airline*s. This approach is not permitted. Therefore this suit is not proper and should be dismissed, because Mr. Benham lacks standing to bring it.

Finally, Plaintiff's response contains a significant procedural flaw that should be addressed. Defendants understand that Plaintiff is *pro se* and thus is afforded "less stringent standards" and more liberal construction of their presented legal work. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, this does not justify Plaintiff not providing *any* evidence in the form of a declaration to support the facts alleged in his response. As the *Handbook for Self-Represented Parties* (2026) explains, "[i]f your motion [or response] depends on facts, you must also provide the Court with evidence that those facts are true by filing one or more "declarations.""Pg. 29, *see also* Local Rules 5-12 and 10-3, and 28 U.S.C. § 1746. Defendants therefore request that the court strike the facts which are not supported by a declaration.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' motion and dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Submitted this 21st day of July 2026.

SCOTT E. BRADFORD
United States Attorney
District of Oregon

**Page 5      Defendants' Reply in Support of its Motion to Dismiss**

/s/ *Cameron Perla*
Cameron Perla
Assistant United States Attorney
Attorneys for the Appellant